**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4736

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE ALBERT WITHERSPOON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:06-cr-00976-DCN)

Submitted: December 13, 2007      Decided: December 18, 2007

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. John Charles Duane, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Albert Witherspoon appeals from his conviction and 180-month sentence imposed following his guilty plea to being in possession of a firearm after previously having been convicted of a felony offense. Witherspoon's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but addressing the validity of the plea and the reasonableness of the sentence. Witherspoon was advised of his right to file a pro se supplemental brief, but has declined to do so. Our review of the record discloses no reversible error; accordingly, we affirm Witherspoon's conviction and sentence.

We find that Witherspoon's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Witherspoon was properly advised of his rights, the elements of the offense charged, and the mandatory minimum and maximum sentences for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). We find that the plea was valid.

We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 180-month sentence. 18 U.S.C.A.

§ 3553(a) (West 2000 & Supp. 2007); see <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we find that the sentence imposed—which was within the properly calculated guideline range—was reasonable. See <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted), <u>cert. denied</u>, 126 S. Ct. 2309 (2006); see also <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within-guideline sentence). Accordingly, we affirm Witherspoon's sentence.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Witherspoon's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
